UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CASSANDRA DEE FLOWERS,

*Defendant-Appellant.*

No. 02-4444

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-01-361)

Submitted: November 19, 2002

Decided: December 16, 2002

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Frank W. Dunham, Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Cassandra Dee Flowers appeals her convictions and sentence for possession of heroin in violation of 21 U.S.C. § 844 (2000), and possession of a firearm by an unlawful user of controlled substances in violation of 18 U.S.C. § 922(g)(3) (2000). She raises five issues on appeal, contending that (1) the evidence was insufficient to convict her of the firearm charge; (2) the district court erred in failing to submit a requested instruction to the jury; (3) the district court erred in denying her motion to suppress; (4) the district court clearly erred in declining to give her credit for acceptance of responsibility; and (5) the district court abused its discretion in denying her motion for a mistrial. Finding no merit to Flowers's claims, we affirm.

First, we find sufficient evidence to support the jury's finding that Flowers was an unlawful user of controlled substances at the time she possessed the firearm. A reviewing court must uphold a jury's verdict if there is substantial evidence to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). We have reviewed the record and are satisfied that substantial evidence supports the jury's finding.

We next address whether the district court should have given an expanded instruction to the jury regarding the definition of an unlawful user. The refusal to give a requested instruction is reversible error only if "the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." *United States v. Squillacote*, 221 F.3d 542, 564 (4th Cir. 2000). We need not decide whether the first two requirements are met here because the third plainly is not. The evidence concerning Flowers's heroin use was compelling, and Flowers did not attempt to controvert it. Thus, the denial of her request for an instruction did not impair her ability to conduct her defense.

Next, we find that the district court did not err in denying Flowers's motion to suppress. Although Flowers contends that the officers did not have authority to enter her residence without a warrant, we

find that the district court correctly concluded that she consented to the officers' entry. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (noting that consent is a well-recognized exception to the Fourth Amendment warrant requirement).

We also find that the district court did not clearly err in denying Flowers an adjustment for acceptance of responsibility under *U.S. Sentencing Guidelines Manual* § 3E1.1 (2001). Flowers not only put the Government to its burden of proof at trial, but also consistently maintained that she is not an unlawful user of drugs and thus has never accepted responsibility for the firearms charge.

Finally, we find that the district court did not abuse its discretion in denying Flowers's motion for a mistrial. Flowers objects to two statements made by Officer Howell during direct examination. Our review of the record reveals that Flowers cannot demonstrate that she was prejudiced by these statements. Where the jury acquits the defendant of at least some of the charges, we have found "strong evidence that the district court's denial of [her] motion for mistrial did not result in the type of prejudice that warrants reversal." *United States v. Dorsey*, 45 F.3d 809, 817 (4th Cir. 1995); *see also United States v. West*, 877 F.2d 281, 288 (4th Cir. 1989) (same). Here, the jury acquitted Flowers of the most serious charge—maintaining a place for the distribution and storage of controlled substances.

Accordingly, we affirm Flowers's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*